Note—OS. Pend. opinion will be found in 3 Abs. 549.

### No. 862

### Di VITHORIO v. NEIDING

Ohio Appeals, 6th Dist., Erie Co.

No. 219. Decided Sept. 25, 1925

1235. VERDICT—In personal injury case where there are separate issues, and a general verdict has been rendered for defendant, it amounts to a finding in his favor in all issues raised.

677. JUDGMENT—Cannot be reversed if finding on any one of the issues entitles defendant to a general judgment, and record is free from error on any one of these issues.

RICHARDS, J.

Nick Di Vithorio commenced an action in the Erie Common Pleas to recover damages for personal injuries suffered by him resulting from a collision between a motorcycle which he was riding and an automobile claimed to have been operated by one Delor, an agent of Conrad Neiding.

The pleadings presented four separate issues, namely: negligence of Neiding, contributory negligence of Di Vithorio, damages, and whether Delor, who was operating the automobile, was at the time, engaged in his employers business. The trial resulted in a general verdict for Neiding on which judgment was rendered. Error was prosecuted and the Court of Appeals held:

1. In a case of this character where there are separate and distinct issues, and a general verdict has been rendered for defendant, it amounts to a finding for defendant on all of the issues raised and if such finding on any one of the issues entitled the defendant to a general judgment, and the record is free from error on any one of the issues, the judgment cannot be reversed. McAllister v. Hartzell, 60 OS. 69.

2. This fundamental rule of law applies to the case at bar.

3. The Court charged the jury that the vicinity in which the accident happened was a closely built up portion of the city and read to them 12603 GC. which provided that a rate of speed greater than 15 miles per hour should

be presumptive evidence of a rate greater than is proper. In his charge, however, the court said - - - "that the defendant operated his car at a speed of more than 20 miles an hour. - - - "

4. The court was in error in stating that the limit was 20 instead of 15 miles an hour; but that error is limited to the speed at which Neiding's automobile was being operated, and in no wise related to the other issues in the case and would therefore not justify a reversal under the McAllister case.

5. Findings by the jury that Delor was on business of his own or that Di Vithorio was contributorily negligent would have required a verdict for Neiding and there is no error in the record on these issues.

Attorneys—George F. Eshenroeder and Henry Hart for Di Vithorio; King, Ramsey, Flynn and Pyle for Neiding; all of Sandusky.